**SO ORDERED.**

**SIGNED this 22 day of March, 2006.**

_____

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

   **LOUISE BABCOCK BONEY,**

   **Debtor.**                                    **Case No. 05-08253-8-JRL**
                                                  **Chapter 7**

_____

## ORDER

    This matter is before the court on the debtor's motion to abandon. On March 15, 2006, the court conducted a hearing in Wilmington, North Carolina.

    The debtor filed her Chapter 7 petition on October 5, 2005. At the time, she owned real property in Wilmington, NC with her non-filing spouse as tenants by the entirety. The debtor claimed an exemption in her residence under 11 U.S.C. § 522(b)(2)(B). She seeks an order directing the trustee to abandon her interest in the real property, as the debtor and her husband have no joint debts.[1]

    The Chapter 7 trustee contends that they do have joint debts. Specifically, the debtor and her husband owe a joint debt to Wachovia Bank in the amount of $5,000, which is secured by 1999

_____

[1] At the hearing, the debtor withdrew the motion to abandon as to her interest in real property located in Tarboro, North Carolina.

Mercury Marquis. The court granted a motion for relief from stay as to this vehicle but the trustee believes the debt is greater than the vehicle's value, resulting in a deficiency claim that can be asserted by Wachovia Bank.[2] Additionally, the debtor lists numerous medical bills in her petition, which are joint debts under the common law doctrine of necessaries. The debtor has also testified that her husband has medical debts but she has not provided the trustee with records of these bills. The trustee asks that this motion be denied.

Tenancy by the entirety is a mode of possessing title to property that is recognized in North Carolina courts as "a unique form of holding title to real property, available only to married persons," whereby husband and wife acquire the entire estate, "constituting the proprietorship of the whole, and of every part and parcel thereof." McLean v. McLean, 323 N.C. 543, 551 (1988). Creditors of the individual husband or wife cannot reach entirety property to satisfy their debts. Joint creditors of both spouses, however, can procure a judgment against the husband and wife on a joint obligation, and it will attach to the entireties property. See In re Foreclosure of Deed of Trust, 50 N.C. App. 69, 73 (N.C. Ct. App. 1980).

The trustee acknowledged at the hearing that the debtor has no existing medical debts; however, he believes the debtor's husband has incurred such debts. The debtor asserted that under the doctrine of necessaries in North Carolina, a wife cannot be liable for her husband's medical debts. As

---

[2]  The debtor presented evidence at the hearing, in the form of a N.A.D.A. valuation, indicating that the secured claim asserted by Wachovia Bank was fully secured and there would be no deficiency. The trustee contends that a vehicle sold at auction is often not purchased for its full value.

such, the debtor and her husband have no joint medical debt.[3]

After a brief review of North Carolina case law, the court finds that the doctrine of necessaries, "hereto applicable only to medical services provided to the wife, applies to such services provided to either spouse." See North Carolina Baptist Hospitals, Inc. v. Harris, 319 N.C. 347, 349 (1987) Therefore, a wife may be held responsible for the necessary medical expenses incurred by her husband even in the absence of an express undertaking on her part. Id. at 353-54.

Based on the foregoing, the court directs the debtor to provide a list of her husband's medical debts at the time of filing within ten days of the entry of this order to the trustee. Upon receiving this list, the trustee is directed to determine whether he will administer the debtor's real property for the benefit of any joint creditors or abandon the property due to the de minimus nature of the debts. Accordingly, the court will defer ruling on the debtor's motion pending the debtor and the trustee's compliance with this order.

"END OF DOCUMENT"

---

[3] At the hearing, the trustee also asserted that the debtor and her husband have not paid their federal and state income taxes for 2004, representing a joint debt.